UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DENISE T. o/b/o M.P.S.,

                                                                                                             DECISION AND ORDER

                            Plaintiff,

                                                                                                            20-CV-6605L

              v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                            Defendant.
_____

        Plaintiff appeals from a denial of disability benefits by the acting Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

        On August 8, 2016, plaintiff, on behalf of her son M.P.S., filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging disability beginning on M.P.S.'s eighteenth birthday, October 1, 2009. (Administrative Transcript, Dkt. #10 at 15, 22). Those applications were initially denied. Plaintiff requested a hearing, which was held November 26, 2018 before Administrative Law Judge ("ALJ") Asad M. Ba-Yunus. The ALJ issued an unfavorable decision on February 5, 2019. (Dkt. #10 at 15-23). That decision became the final decision of the Commissioner when the Appeals Council denied review on June 15, 2020. (Dkt. #10 at 1-3). Plaintiff now appeals.

        The plaintiff has moved for remand of the matter for further proceedings (Dkt. #11), and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings, pursuant to Fed. R.

Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a claimant is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes M.P.S.'s medical and educational records for the relevant period, which reflected diagnoses of bipolar disorder, attention deficit hyperactivity disorder, and anxiety disorder, which the ALJ concluded were severe impairments not meeting or equaling a listed impairment. (Dkt. #10 at 18).

Applying the special technique for mental health impairments, the ALJ found that M.P.S. had a moderate limitation in understanding, remembering, or applying information, a mild limitation in interacting with others, a moderate limitation in concentration, persistence, and pace, and a mild limitation in adapting or managing himself. (Dkt. #10 at 18-20).

Upon review of the record, the ALJ found that M.P.S. has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with nonexertional limitations to simple, unskilled work. (Dkt. #10 at 20).

When provided this RFC as a hypothetical question at the hearing, vocational expert Helene J. Feldman testified that such an individual could perform the representative unskilled

positions of garment bagger, bottle packer, and dental floss packer. (Dkt. #10 at 23). The ALJ accordingly found M.P.S. not disabled.

## I.  The ALJ's Nonexertional RFC Determination[1]

Plaintiff chiefly argues that the ALJ erroneously failed to perform the requisite individualized analysis of M.P.S.'s ability to handle stress, despite two opinions by consulting psychologist Dr. Yu-Ying Lin – which the ALJ found "very persuasive" – that M.P.S. had moderate stress-related limitations. Plaintiff further argues that the ALJ failed to reconcile his RFC finding with the opinions of Dr. Lin and reviewing psychologist Dr. A. Chapman. (Dkt. #10 at 22).

Dr. Lin first evaluated M.P.S. on January 6, 2015, when M.P.S. was 23 years old. Dr. Lin found M.P.S.'s attention and concentration to be mildly impaired, his memory skills to be moderately impaired due to distractibility, and his cognitive functioning to be below average. She opined that M.P.S. had mild limitations in attention and concentration, moderate limitations in making appropriate decisions, and moderate limitations in dealing with stress, although his "stress-related problems [did] not appear to be significant enough to interfere with [his] ability to function on a daily basis." (Dkt. #10 at 507). Nonetheless, he could follow and understand simple instructions, perform simple tasks independently, maintain a regular schedule, learn new tasks, and relate adequately with others. (Dkt. #10 at 504-507).

Dr. Lin examined M.P.S. a second time on October 17, 2016, when he was 25 years old. His attention and concentration were moderately impaired, memory skills were mildly impaired, and intellectual functioning appeared average. Dr. Lin identified moderate limitations in attention and concentration and dealing with stress, and mild limitations in social interaction and making

---

[1] Plaintiff makes no argument that the ALJ erred in his determination that M.P.S. could perform work at all exertional levels, and that finding is well-supported by the evidence of record, including the opinion of consulting internist Dr. Harbinder Toor that M.P.S. had no exertional limitations. (Dkt. #10 at 633-36). The Court's analysis is accordingly limited to the ALJ's non-exertional RFC findings.

appropriate decisions. Dr. Lin again found that M.P.S. could follow and understand simple instructions, perform simple tasks independently, maintain a regular schedule, and learn new tasks. (Dkt. #10 at 639-42).

On October 20, 2016, agency psychologist A. Chapman reviewed the record, and opined that M.P.S. had moderate limitations in understanding and remembering detailed instructions, maintaining attention and concentration, and attendance and punctuality. Dr. Chapman concluded that M.P.S. was nonetheless capable of unskilled work. (Dkt. #10 at 196-208).

It is well settled that, "when determining whether mentally impaired individuals will be able to adapt to the stress-related demands of the workplace, the ALJ is required to make a thorough, individualized RFC evaluation, focusing on the individual's ability 'to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting.'" *Grega v. Berryhill*, 2019 U.S. Dist. LEXIS 107104 at *34 (W.D.N.Y. 2019)(quoting *Reyes v. Colvin*, 2016 U.S. Dist. LEXIS 119432 at *21-*22 (W.D.N.Y. 2016)). *See generally* SSR 85-15, 1985 SSR LEXIS 20 at *14 ("[t]he reaction to the demands of work (stress) is highly individualized, and mental illness is characterized by adverse responses to seemingly trivial circumstances . . . [and therefore a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment").

Thus, "[a]n ALJ is required to specifically inquire into and analyze a claimant's ability to manage stress." *Collins v. Colvin*, 2016 U.S. Dist. LEXIS 135900 at *8 (W.D.N.Y. 2016). Here, while the ALJ made detailed findings with respect to related matters such as M.P.S.'s ability to carry out simple instructions, the ALJ did not explicitly consider the extent or effect of M.P.S.'s stress-related limitations, or assess, for example, M.P.S's ability to respond to changes in

workplace procedures or settings. This was error. *See McCann v. Commissioner*, 2020 U.S. Dist. LEXIS 214747 at *9 (W.D.N.Y. 2020)("[a]n ALJ's failure to explain or account for stress limitations in the RFC – particularly when opined by an acceptable medical source given great weight – is an error that requires remand").

It is true that in some cases, "even without explicitly referencing a stress limitation, an RFC determination may adequately account for [one]." *Herb v. Commissioner*, 366 F. Supp. 3d 441, 447 (W.D.N.Y. 2019). For example, courts have found RFC determinations to be sufficient, on their face, to account for moderate stress-related limitations where they limited claimants to simple, unskilled work *along with additional limitations*, such as avoidance of production pace work, limitations on social interaction, and few or no occasional changes to workplace settings and procedures. *Id. See also Cowley v. Berryhill*, 312 F. Supp. 3d 381, 384 (W.D.N.Y. 2018); *Baker v. Berryhill*, 2018 U.S. Dist. LEXIS 36509 (W.D.N.Y. 2018).

However, where, as here, an RFC is comprised solely of a bare limitation to "simple, unskilled" work, it is insufficient by itself to account for moderate or greater stress-based limitations, in the absence of a clear, individualized analysis of the claimant's tolerance for stress. *See McCann*, 2020 U.S. Dist. LEXIS 214747 at *11 (rejecting the Commissioner's argument that a limitation to simple, unskilled work is "categorically sufficient" to account for moderate stress-related limitations, and holding that the ALJ committed reversible error when he failed to explicitly analyze plaintiff's specific stress tolerance). *See also Cooley v. Berryhill*, 2017 U.S. Dist. LEXIS 119731 at *37 (W.D.N.Y. 2017)(RFC limiting claimant to simple, unskilled work is insufficient to account for moderate limitations in handling stress, where "the ALJ did not expressly discuss how [p]laintiff's stress limitations were incorporated into the ALJ's RFC finding").

Here, despite finding Dr. Lin's opinions specifying moderate stress-related limitations to be "very persuasive," the ALJ did not engage in any meaningful analysis of those limitations, or explain whether or how the RFC was intended to account for them. His RFC finding limiting M.P.S. only to "simple, unskilled" work is thus not supported by substantial evidence, and remand is required.

Plaintiff also argues, more broadly, that the ALJ's RFC finding failed to account for other portions of the opinions of Dr. Lin and Dr. Chapman, who collectively described not only stress-related limitations, but also mild or moderate limitations in maintaining attention and concentration, social interaction, making decisions, and keeping a schedule. In contrast to stress-based limitations, courts have generally concluded that moderate nonexertional limitations in areas such as these *can* be sufficiently accounted-for by a limitation to simple, unskilled work. *See McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014) (finding that a limitation to unskilled work accounted for the claimant's moderate limitations in concentration, persistence, and pace); *Tara B. v. Commissioner*, 2021 U.S. Dist. LEXIS 202772 at *18-*19 (W.D.N.Y. 2021)(an RFC for simple routine work is not inherently inconsistent with moderate limitations in a plaintiff's mental functioning, particularly where the source who provided such limitations ultimately opined the plaintiff is capable of performing simple, routine, repetitive work); *McCann*, 2020 U.S. Dist. LEXIS 214747 at *11("[t]he Commissioner is correct to the extent that he argues that the ALJ sufficiently accounted for [p]laintiff's moderate limitations in making appropriate decisions and relating adequately with others by limiting [p]laintiff to simple, unskilled work"). *See generally Martinez v. Commissioner*, 2017 U.S. Dist. LEXIS 93475 at *20-*21 (N.D.N.Y. 2017) (collecting cases, and noting that the "Second Circuit has held that [even] moderate limitations in work related

functioning do[] not significantly limit, and thus prevent, a [claimant] from performing unskilled work").

Here, the ALJ's conclusion that M.P.S. can perform nonexertional functions such as following simple instructions, performing simple tasks independently, and relating adequately with others, in spite of his limitations in attention and concentration, relating with others, schedule-keeping, decision-making, etc., was well-supported by the opinions of Dr. Lin and Dr. Chapman, and by M.P.S.'s mental health treatment records, which together comprise substantial evidence of record.

I therefore find that while remand is necessary for the ALJ to apply the correct legal standard in considering M.P.S.'s stress-related limitations, his RFC determination with respect to M.P.S.'s *other* nonexertional limitations was supported by substantial evidence, and was not the product of reversible error.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #11) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is denied. The ALJ's decision is reversed, and the matter is remanded for the narrow purpose of reassessing M.P.S.'s stress-related limitations. On remand, the ALJ is directed to render a new decision, to include analysis of the nature of M.P.S.'s stress, the circumstances that trigger it, and how those factors impact his ability to work.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 14, 2022.